DOCKET NO. 159

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PLYWOOD ANTITRUST LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT 19 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

ORDER REASSIGNING LITIGATION

Because of the illness of Judge Fred J. Cassibry, the transferee judge in this litigation, it is hereby ordered that this litigation is reassigned to Judge Sam C. Pointer, Jr. of the Northern District of Alabama sitting by designation in the Eastern District of Louisiana pursuant to 28 U.S.C. §292(b) effective September 30, 1976.

FOR THE PANEL:

John Minor Wisdom
Chairman

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE PLYWOOD ANTITRUST LITIGATION    DOCKET NO. 159

OPINION AND ORDER
---

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

---

PER CURIAM

This litigation involves an alleged conspiracy within the plywood industry to fix the price of softwood plywood. Plaintiffs in each of the eight actions before the Panel are purchasers of softwood plywood and they charge the defendant plywood producers with violations of federal antitrust laws. All the actions contain Rule 23 allegations purporting to represent large classes of direct and indirect purchasers of softwood plywood. Several defendant producers move the Panel for an order transferring all the actions to the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. The only opposition to the motion comes from plaintiffs in the actions pending in districts other than the Eastern District of Louisiana. On the basis of the briefs submitted and the hearing held, we find that these actions involve common questions of fact and that transfer of these actions to the Eastern District of Louisiana will serve the convenience of the parties and witnesses

---

\* Although Judge Murrah was not present at the hearing, he has, with the consent of all parties, participated in this decision.

and promote the just and efficient conduct of the litigation.

The plaintiffs opposing transfer contend that the allegations in the Louisiana actions are much broader than those contained in their actions because only Louisiana plaintiffs allege violations of the Robinson-Patman Act in addition to violations of Section 1 of the Sherman Act, which permeate all of the actions. And they argue that in order to demonstrate Robinson-Patman Act violations, the Louisiana plaintiffs necessarily named a multitude of local defendants and, as a result, will be seeking discovery which is largely irrelevant to the other actions in this litigation.

The opponents to transfer also contend that because of the Robinson-Patman, claims complicated issues relating to plaintiffs' Rule 23 class allegations are involved in the Louisiana actions but do not exist in any of the other actions. Consequently, they see no reason for transferring their actions to Louisiana where they will become embroiled in class action matters in which they have little or no interest.

These arguments are not sufficient. All the actions contain allegations of violations of Section 1 of the Sherman Act stemming from alleged "phantom freight" charges for softwood plywood produced in the South which supposedly raised prices artificially to the level charged for plywood produced in the Pacific Northwest. And although plaintiffs' overall legal stratagems differ somewhat, they all rest on a common nexus of facts. Thus, transfer of the actions to a single district will prevent the possibility of duplicative discovery concerning defendants' alleged misconduct. And our decision in no way limits or impedes

- 3 -

Louisiana plaintiffs' desire to pursue their Robinson-Patman Act claims or threatens to protract the litigation involving alleged violations of Section 1 of the Sherman Act. It, of course, is the responsibility of the transferee judge to determine whether and to what extent the pretrial proceedings involving the Robinson-Patman and Sherman Act claims should be coordinated or consolidated. See, e.g., In re Equity Funding Corporation of America Securities Litigation, ____ F. Supp. ____, ____ (J.P.M.L., filed February 1, 1974).

Furthermore, the class allegations in those actions are clearly overlapping. A Section 1407 transfer of all actions in this litigation to a single district and assignment of those actions to one judge will eliminate any possibility of inconsistent class determinations by the various district courts involved and assure the swift resolution of the difficult Rule 23 issues adverted to by the parties opposing transfer. See Manual for Complex Litigation, Part I, Section 5.40 (rev. ed. 1973). See also In re Plumbing Fixtures Cases, 298 F. Supp. 484, 493 (J.P.M.L. 1968).

The Eastern District of Louisiana is the most appropriate transferee district for this litigation. The majority of the parties favor that district and it appears that many of the potential witnesses and documents relevant to the issues raised are located in the South. Moreover, discovery in the Louisiana actions has already commenced before the Honorable Edward J. Boyle, Sr. and he is totally familiar with all of the issues involved in this litigation.

- 4 -

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in districts other than the Eastern District of Louisiana be, and the same hereby are, transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Edward J. Boyle, Sr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending in that district and listed on Schedule A.

EASTERN DISTRICT OF ARKANSAS

C & M Construction Co. v. Boise
Cascade, et al.

Civil Action
No. 74-C-32

EASTERN DISTRICT OF NEW YORK

Park Lane Associates, et al. v. Boise
Cascade Corp., et al.

Civil Action
No. 73 C 1717

EASTERN DISTRICT OF PENNSYLVANIA

John J. O'Shea, Trustee in Bankruptcy
of Diamond Lumber Co., Inc., etc. v.
Boise Cascade Corp., et al.

Civil Action
No. 73-2141

EASTERN DISTRICT OF LOUISIANA

Robert Schubel, et al. v. Georgia
Pacific Corp., et al.

Civil Action
No. 73-3345
(Section A)

Gabriel Building Supply Co., Inc.
v. Agnew Plywood, et al.

Civil Action
No. 72-522

West Dear Park Associates, et al. v.
Georgia Pacific Corp., et al.

Civil Action
No. 73-2671

Altman Bros., Inc. of Massachusetts,
et al. v. Georgia Pacific Corp.

Civil Action
No. 73-2860
(Section H)

James I. Barnes Construction Co.,
et al. v. Georgia Pacific
Corp., et al.

Civil Action
No. 73-2861
(Section C)